IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN K. BOWLBY,<br>No. B88543,<br><br>   Plaintiff,<br><br>vs.<br><br>SALINE COUNTY SHERIFF'S DEPT.,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 14-cv-00773-NJR<br>)<br>)<br>)<br>)<br>) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

  Plaintiff Brian K. Bowlby, an inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff complains that he was wrongfully indicted, arrested, and convicted of 18 counts of predatory criminal sexual assault of a child and one count of criminal sexual abuse. According to the complaint, Bowlby's direct appeal is still pending. He seeks monetary damages from the Saline County Sheriff's Department.

  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

The complaint contains 19 virtually identical counts, all premised upon the aforementioned assertion that Bowlby was wrongfully indicted, arrested, and convicted. However, the role of the Saline County Sheriff's Department is not explained. It appears that Plaintiff mistakenly believes that the county grand jury, the State's Attorney, and the Centralia Police Department, perhaps even the Circuit Court for Saline County, are all part and parcel of the Saline County Sheriff's Department.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). A unit of local government, like a Sheriff's Department or County Correctional Center, may be liable for its official policies and customs. *See Monell v. Department of Soc. Servs.,* 436 U.S. 658, 694 (1978); *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 514-15 (7th Cir. 2007). However, merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Although the aforementioned pleading deficiencies could be cured in an amended complaint, Section 1983 claims that, if correct, would necessarily imply the invalidity of Bowlby's criminal convictions, cannot be brought until those convictions have been set aside. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994); *Case v. Milewski,* 327 F.3d 564, 568-69 (7th Cir. 2003). Because Bowlby's direct appeal is pending, his general, overarching claim that he was wrongfully indicted, arrested, and convicted is barred under the *Heck* doctrine.

For these reasons, the complaint will be dismissed. Because the complaint is so vague, it is conceivable that a claim could be pleaded that would not be barred by the *Heck* doctrine. Plaintiff, therefore, will be given an opportunity to file an amended complaint.

**IT IS HEREBY ORDERED** that the complaint (Doc. 1) is **DISMISSED without prejudice**. This dismissal shall not count as one of Bowlby's allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that on or before **August 29, 2014**, Plaintiff Bowlby shall file an amended complaint. Any amended complaint will be subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is **ADVISED** that if no amended complaint is filed, final judgment will be entered, and this case will be closed. In any event, the obligation to pay the filing fee was incurred when the complaint was filed. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* F ED. R. C IV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 25, 2014**

Digitally signed by Nancy J Rosenstengel
Date: 2014.07.25 10:25:45 -05'00'

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**